In his application for rehearing, Lacks raises two issues: (1) that the opinion affirming this case because of a breach of warranty was a new issue not raised in the trial court; and (2) he re-argues that the trial court lacked authority to enter the October 15, 1980, judgment since Stribling's motion upon which that judgment was predicated was untimely filed. Since item number (2) was adequately discussed in the original opinion, we respond briefly only as to the first issue
The words "breach of warranty" were not utilized in the third party complaint, but it did aver that Lacks executed a deed to Stribling, that Stribling had been served with a complaint which sought to compel her to open a road across land which she claimed by virtue of the deed from Lacks, *Page 931 
and that Lacks should be liable to Stribling for the loss of the land if the road was opened. While the use of such generalities is not advised in breach of warranty claims, Alabama does have notice pleadings, and there was adequate notice under those averments to award damages for the breach of the warranty contained in the deed
The deed was introduced into evidence. The record indicates a breach of the warranty contained in the deed and Stribling clearly was greatly damaged from the loss of a large portion of her lot for the right of way. "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54 (c), A.R.C.P. The trial court could have based its judgment upon Lacks' obvious breach of warranty as disclosed by the evidence even if the adequacy of the third party complaint in that respect were totally ignored
If the breach of warranty issue is entirely eliminated, her fraud or misrepresentation claim against Lacks is not barred by § 6-2-3, Code of Alabama (1975). Neither Lacks nor Stribling had any concern about the road until the action in this case was filed against Stribling to open the road. Evidently Lacks seeks to place a higher responsibility upon Stribling to have made prior inquiry than he would impose upon himself. Under the circumstances of the case, the trial court could have ascertained that the earliest time that Stribling acquired such facts or knowledge as would provoke inquiry in the mind of a reasonably prudent person was when she was served with a copy of the original complaint regarding the road reopening. Thus, the trial court could have determined that the one year statute of limitations began to run at that time as to her fraud or misrepresentation claim. Her third party complaint against Lacks was filed thirty-four days later and is not barred by the limitations expressed in such Code section
APPLICATION FOR REHEARING OVERRULED
BRADLEY, J., concurs
HOLMES, J., concurs specially
WRIGHT, P.J., dissents